TOWN OF CARROLLTON *v.* VANCE.

[73 South. 787, Division A.]

SCHOOLS AND SCHOOL DISTRICTS. *School Taxes. Duty of collector.*

Where any municipality, together with separate adjacent annexed territory, constitutes a separate school district, under the provisions of chapter 118, Laws 1914, it is the duty of the municipal tax collector, and not the sheriff, to collect the separate school district taxes levied upon property situated in, such separate adjacent annexed territory.

Appeal from the circuit court of Carroll county. HON. H. H. RODGERS, Judge.

Proceeding by the Town of Carrollton against W. B. Vance, sheriff and tax collector. From a judgment of the circuit court reversing the action of the municipal board directing the collector to collect certain school taxes, and dismissing the proceeding, the town appeals.

The town of Carrollton, being a municipality of more than three hundred inhabitants, by its board of mayor and aldermen was declared to be a separate school district, and the said board added to said school district certain territory adjacent to said town, under the provisions of section 4013 of the Code of 1892, then

in force. Taxes for the support of the schools of said district were levied by the board for the year 1914, and, not having been paid, the board of mayor and aldermen passed an order directing the tax collector of the county to collect said taxes by distress if not promptly paid. Appellee, tax collector of the county, filed objections to this order of the board, which were overruled, and the taxes charged against him by the board, and he appealed to the circuit court, where the action of the municipal board was reversed, and the proceedings dismissed. From that judgment comes this appeal.

*Hughston & McEachern,* for appellant.

Is the county tax collector the proper official to collect the taxes in the added territory and does the municipal board have the right to exercise any authority over him to require him to make such collections? Section 4533 of the Code of 1906, furnishes a complete scheme for adding territory to a municipal school district and said section has never been amended nor repealed and among other things provided in that section is the following: "The school taxes in such added territory shall be collected by the county tax collector and deposited with the municipal treasurer of the district." We find nowhere in the law any other official designated as the one to collect the separate school taxes in the outlying territory. In fact, under the rulings of our court the sheriff is the only tax collector for the county at large.

Counsel for the appellee relied in the lower court on chapter 101 of the Laws of 1908, as a repeal of said clause where it says in section 3: "That all laws and parts of laws in conflict with this act are hereby repealed, and it further says that such property shall be assessed and the tax collected in the same manner as the property within the corporate limits. We contend

that this does not repeal the law making the county tax collector the collector of these taxes; because, First, chapter 101, Laws of 1908, does not treat of the same matters as section 4533, but it is more amendatory of section 4533. It speaks of the manner of assessment and collection and not of the official whose duty it is to make the assessment or collection. The two sections, therefore, are not in conflict but are entirely consistent with one another.

Second, if the construction is given to the said chapter 101, that counsel would place upon it, then the person to make said collections would be the marshal of the town of Carrollton under section 3424 of the Code of 1906, being the municipal tax collector and the one to make the collections within the municipality. If he is made the collector of the school taxes beyond the limits of the municipality, then the statute would have the effect of extending his territorial authority; and it is laid down that the rule of construction of municipal authority is strict and the power must be expressly conferred or necessarily implied or it cannot be sustained. *Adams* v. *Greenville,* 77 Miss. 881.

It is not here contended that the authority to collect taxes beyond the municipal limits is expressly conferred upon the marshal of the municipality, nor can the use of the words ''in the same manner'' create a necessary implication, because the words ''in the same manner'' refer entirely to the mode of procedure or the way of doing the thing and the general method, and not to the persons by whom it is done. 26 Cyc. 516. Anderson's Dictionary of Law, 653. 7 Words & Phrases, page 6323, in which the following language is used: ''The phrase 'in the same manner' has a well-understood meaning in legislation, and that meaning is not one of restriction or limitation, but of procedure. It means similar proceedings, so far as such proceedings are applicable to the subject-matter.'' Besides the

town marshal can have no jurisdiction beyond the corporate limits. *Riley* v. *James,* 73 Miss. 1.

In the case of *Riley* v. *James, supra,* the following language is used: "If, therefore, it be conceded that Whittington might, as constable, have executed such warrant within the limits of the municipality for which he was marshal, it would yet be true that he had no official authority without the town, and that the seizure and sale of property at Bee Lake was invalid and no title to the property passed to the purchaser at such sale."

If the marshal of the town of Carrollton did not then have the authority to make such collections, and there is no power to confer such authority upon him under the constitution as construed in *Riley* v. *James, supra,* then the authority could not be conferred upon him; what other official would have the authority to collect such taxes? Naturally the sheriff, as tax collector of the county, having the general authority to collect taxes within the county, except municipal taxes, within the municipality would be the proper official. His jurisdiction for the purpose of the collection of taxes is concurrent with the county, while that of the town marshal is limited to the municipal lines. The legislature, therefore, in section 4533, *supra,* very wisely imposed upon the county tax collector, the duty to collect the taxes levied on outlying territory. If the duty was imposed upon him and the municipal authorities of the town of Carrollton were required to make the levies, then it was his duty to report to said municipal authorities and to act under their authority and instructions.

*T. O. Yewell,* for appellant.

Who is the proper officer to collect taxes from the inhabitants of adjoining territory which has been added to a separate school district composed of municipality

and such added, adjoining territory? I have been unable to find any statute which expressly delegates this power to any officer except section 4533, Code of 1906. That statute expressly gives the authority to the "county tax-collector." Referring to the statute as contained in Code 1892, it will be observed that the word "counties" is followed by a comma. By inadvertence, I suppose, the comma was dropped in the print of the statute in the Code of 1906. Supplying this comma, the true meaning of the statute is readily seen. The word "adjoining" qualifies not "county or counties" alone, but the whole preceding phrase "Any part of a county or counties." It does not mean that the county or counties must adjoin, but that part of a county or the parts of counties to be added must lie adjoining the municipality. The subject of the statute is in the following words, to wit: "Territory to be added to separate school district," showing conclusively that the subject-matter dealt with is the "territory to be added" and not the county or counties. Under this construction, which I submit is the correct one, a school in the center of a county could increase its territory by taking in, by petition, parts of the same county in which the school is located, and another school, located near the county line, could also increase its territory by taking in, by petition, parts of other counties than the one in which the school was located, provided only, that those parts of other counties must lie adjoining the municipality.

But counsel contend that section 4533, Code 1906, has been repealed by the passage of chapter 101, Laws 1908. The title of the act referred to is in the following language: "An act to authorize the municipal authorities of municipalities in this state, constituting separate school districts, to issue bonds for such districts to build and repair school buildings, to maintain schools therein, pay the expenses thereof, and levy taxes on such districts with which to pay for the same."

There is not a word in this title which refers directly to section 4533, Code 1906; that section is not mentioned in it, and there is not a word in the title of the act which refers to anything dealt with in section 4533. They say that this act repeals section 4533 because in the body of the act of 1908, section 2, there appears this language: "That the taxable property of such added territory to such municipality shall be assessed and the tax collected in the same manner as on the property within the corporate limits." Can a statute be repealed in this way?

This court in 104 Miss. 752, in passing upon the question of repeal of statutes by implication says, on page 761: "In construing statutes, we must look to the intention of the legislature, the spirit of the law, and the policy and purpose of the same. In reference to the history and passage of a law it has been decided that, in construing a statute, the entire legislation on the same subject, its policy and reason as well as the text of the particular act, must be looked to. (Citing 75 Miss. 275). Statutes relating to the same subject are to be construed together if possible, and a harmonious interpretation should be adopted. All statutes relating to the same subject must be taken as one system, and construed consistently, if this can be done. (Citing 45 Miss. 294)."

I deny that there is any conflict between the Act of 1908 and section 4533, Code of 1906, growing out of the language contained in section 2 of said act, to wit: "That the taxable property of such added territory to such municipality shall be assessed and the tax collected in the same manner as on the property within the corporate limits." This language merely means that the mayor and board of aldermen shall levy the taxes on the part of the district outside of the municipality in the same manner that they levy the taxes on the part of the district within the municipality; that the tax should be uniform and without partiality; and

that the officers collecting said tax shall do it in the same manner without showing partiality to either those within or without the municipality; that it should be collected from all alike, whether they reside within or without the municipality. There is absolutely no reference in the statute to the particular officer who shall do the collecting.

*S. D. Neil* and *S. E. Turner,* for appellee.

Assuming, which does not by any means appear, that the property in the territory added to the Carrollton Separate School District was properly and legally assessed and the taxes for the fiscal year 1914 lawfully levied, is the sheriff and tax collector of Carroll county by law authorized to collect such taxes? If not, he could not of course be required to do so by the mayor and board of aldermen.

Bear in mind that the town of Carrollton was a municipality having over three hundred inhabitants and was, by its mayor and board of aldermen declared to be a separate school district under the provisions of section 4011 of the Code of 1892, and that the territory which was added to the Carrollton Separate School District was, by an order of said Board, passed pursuant to the provisions of section 4013 of said Code.

The statute law relative to the organization of separate school district, and the addition of territory thereto, has been several times changed from what it was both in the Code of 1892 and the Code of 1906.

The statutes applicable to the foregoing facts are the following: Chapter 193 the Laws of 1914, page 262; by this chapter, it will be observed that there are three kinds of separate school districts that may be organized. First, a municipality by an ordinance of the mayor and board of aldermen therefore may be declared to be a separate school district; Second, any unincorporated district with an assessed taxable valua-

tion of not less than two hundred thousand dollars, by the county school board, may be declared to be a separate school district; and Third, any unincorporated district of not less than sixteen square miles, by the county school board may be declared to be a separate school district.

By chapter 192 of the Laws of 1914, page 262, it is in substance provided as follows: ''For separate school districts having no municipal organization, the board of supervisors on petition of a majority of the qualified electors of the separate school district, shall levy the required tax . . . And the county tax collector shall collect the same each year and deposit with the county treasurer to the credit of the district for which it was levied,'' etc.

By this chapter, the taxes for the maintenance of the schools in the separate school districts, referred to in paragraphs two and three above, are levied by the board of supervisors and collected by the sheriff and tax collector of the county.

By chapter 118 of the Laws of 1914, page 97, it is provided in substance as follows: ''The municipal assessment of all property subject to taxation, except such as is required by law to be assessed by the state railroad assessors, shall be made by the clerk or tax collector by copying from the county assessment rolls that portion thereof which embraces property or persons within the corporate limits, the copy to be made at any time after the assessment rolls are approved, and all changes in the county assessment thereafter made shall likewise be made in the copy, said copy to be placed in the hands of the municipal tax collector and be his warrant for the collection of municipal taxes.''

The above quotation from this chapter, of course, relates to the method of assessing and collecting taxes for separate school district purposes where the only territory is that embraced within the corporate limits

of the municipality. As to the assessment of the property and the collection of taxes thereon in a separate school district embracing not only the territory within the corporate limits of a municipality, but, in addition thereto adjacent rural territory which has been added to such separate school district the following provision of said chapter is applicable:

"And where any municipality, together with separate adjacent, annexed territory constitutes a separate school district the assessment of all taxable property and persons in such separate adjacent, annexed territory, for separate school district purposes, except such property as is required by law to be assessed by the state railroad assessors, shall be made by the clerk or tax collector, by copying from the county assessment roll, that portion thereof which embraces property or persons within the limits of such separate, adjacent, annexed territory, which copy shall be made in the same way and in the same manner as the copy is above required to be made of the property and persons inside of the corporate limits of such city" etc. See Laws 1914, page 98, beginning with the word, "and" in the sixth line. It will be noted also that in the statute following the words, "annexed territory," there is a semicolon, but this is only an error in punctuation as a comma should follow the word "territory," and in making our quotation we have used a comma rather than a semicolon.

By reading this chapter carefully, you will observe that the assessment of property in a separate school district is provided for in the following instances: First, for the assessment of property situate within corporate limits of a municipality when only the municipality constitutes a separate school district; Second, for the assessment of property in such a district that has escaped taxation of former years; Third, for the assessment of property in a separate school district which includes not only the territory embraced within

the corporate limits of a municipality, but in addition thereto, adjacent, annexed rural territory; Fourth, for the collection of taxes on property in such a district as has escaped taxation for former years.

In each instance, the assessment so to be made is made by the clerk or tax collector of the municipality copying such property or persons from the assessment rolls of the county.

You will then find, beginning at the fourth line from the bottom at page 98, that this chapter provides as follows: "And all such copies, above provided to be made, shall be placed in the hands of the municipal tax collector and be his warrant for the collection of municipal and separate school district taxes."

This chapter, that is to say, chapter 118, above referred to, is the last legislative enactment on this subject and a careful reading of this chapter will convince you not only that the property lying within the corporate limits of a municipality which constitutes a separate school district, but, in addition thereto, property lying within the limits of adjacent annexed territory to such separate school district, is required to be made by the clerk or tax collector, copying from the county assessment roll that portion thereof which embraces property or persons within the limits of the municipality in one instance and of the municipality and added territory in the other, and that, in every instance, all of the copies so provided for shall be placed in the hands of the municipal tax collector and be his warrant for the collection of separate school district taxes.

Since the adoption of the Code of 1906, the legislature adopted chapter 101, page 91, of the Laws of 1908. By reference to section one of this chapter, you will find that any municipality constituting a separate school district, whether such district is composed alone of the corporate limits of such municipality or made up by such corporate limits and added territory in the manner prescribed by law, is authorized and empowered

to sell the bonds of the district for the purpose of
erecting, repairing and maintaining school buildings
in such district, and maintaining schools therein, and
paying the expenses thereof, including the salary of
teachers, fuel and other necessary expenses, and for the
purpose of paying the principal and interest of such
bonds the said municipality is authorized and empower-
ed annually to levy a tax on all the taxable property
in the added territory, to make up said district. In
addition to the issuance of bonds for that purpose and
the levy of taxes for the purpose of paying the princi-
pal and interest of such bonds, it is further provided
that the taxable property of such district, including
such added territory, shall also be liable to taxation by
said municipality for the purpose of paying the neces-
sary expenses of such schools, including salaries, fuel
and all other expenses incident thereto, to run said
schools after the expiration of four months provided for
by the state or to supplement, during the four months,
the funds distributed by the state.

By reference to section two of this chapter, you will
also find that it is provided: "That the taxable prop-
erty of such added territory to such municipality shall
be assessed and the taxes collected in the same manner
as on the property within the corporate limits."

While there is no express reference to sections 4533
and 4534 of the Code of 1906, it is clear that this sec-
tion 4534 is concerned, it is immaterial whether that
section was amended by the Act of 1908 or not, inas-
much as that section has been subsequently amended by
chapter 246 of the Laws of 1912. Furthermore, that
section has no bearing on the questions here involved.

As to section 4533 however, it is provided that "the
school taxes in such added territory shall be collected by
the county tax collector and deposited with the munici-
pal treasurer of the district."

By reference to section two, chapter 101 of the Laws
of 1908, it is provided: "That the taxable property

of such added territory to such municipality shall be assessed and the taxes collected in the same manner as on the property within the corporate limits.''

There can, of course, be no doubt but that the property within the corporate limits was required to be collected by the tax collector of the municipality. Section 4533 says that the taxes in the added territory shall be collected by the county tax collector, whereas the Act of 1908 says that the taxes in such added territory shall be collected in the same manner as on the property within the corporate limits, that is to say, by the municipal tax collector. These two provisions, that is to say, the provisions of section 4533 and the Act of 1908, are in direct conflict, and of course both cannot stand. Under the Code, the taxes are to be collected by the tax collector of the county; under the Act of 1908 by the municipal tax collector. As the act of 1908 is the last expression of the legislature, it, of course, follows that provision referred to in section 4533 of the Code is repealed.

But, as stated, even the Act of 1908 is not the latest legislative enactment on this subject. To the contrary, the latest legislative enactment on this subject is chapter 118 of the Laws of 1914, to which we have referred and from which we have quoted liberally.

We have referred to chapter 101 of the Act of 1908 for the reason that if the court should be of the opinion that we are in error as to our construction of. chapter 118 of the Laws of 1914, it is still clear that the tax on property in the added territory is not to be collected by the county tax collector, as provided by section 4533 of the Code of 1906, but by the city tax collector as provided by section f, chapter 101 of the Laws of 1908.

The fact is, however, under the law as it is now written and under the law as it was, prior to the levy of the taxes in controversy, all of the property within the corporate limits of the town of Carrollton, as well

as all of the property within the limits of the added territory, all of which comprises the Carrollton Separate School District, was assessed by the clerk or tax collector of the town of Carrollton, copying from the county assessment roll all of such property and persons appearing on said roll within that territory, and this assessment so made was to be delivered to the city tax collector and be his warrant for the collection of such taxes, this is what chapter 118 of the Laws of 1914 provides.

In order that our position may be perfectly clear, we may reiterate that the appellant relies entirely upon that provision of section 4533 of the Code of 1906 to the effect that: "The school taxes in such added territory shall be collected by the county tax collector and deposited with the municipal treasurer of the district." This provision, we contend, has been repealed by section two of chapter 101 of the Laws of 1908, and also by chapter 118 of the Laws of 1914, in both of which said chapters the taxes are required to be collected not by the sheriff, but by the city tax collector.

*S. E. Turner* and *Monroe McClurg,* for appellee.

This honorable court will, we think, quickly observe from the statement of the salient facts in the case, that the orders of the board amounted to a futile effort to exercise a power which it did not possess; that the final order of September 15, 1915, to proceed by distress, was in the nature of a mandamus to the tax collector to perform a mere imaginery duty and that his "objections" were in legal effect a general demurrer to that order, or demand upon him; and too, that each ground assigned by him constituted a complete defense. And also, that a sixth ground of complete defense arose by operation of law, in that, the sheriff and tax collector's term of office had expired

before the cause was heard in the circuit court and that court, bound to take judicial notice of that fact, had no power to enforce that particular order even if it had been lawfully made. The court, however, preferred to decide the case as presented and sustained the "objections" or "demurrer," and dismissed the case as being wholly groundless. But, all of the foregoing propositions are carefully, accurately, and conclusively argued by our associate counsel, Neill & Clark.

SMITH, C. J., delivered the opinion of the court.

"Where any municipality together with separate adjacent annexed territory, constitutes a separate school district," under the provisions of chapter 118, Laws 1914, it is the duty of the municipal tax collector, and not of the sheriff, to collect the separate school district taxes levied upon property situated in such "separate adjacent annexed territory."

*Affirmed.*